J. S31044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                v.                    :
                                            :
JAMES LEE TRUITT,                 :          No. 1773 MDA 2019
                                            :
                Appellant      :

Appeal from the Judgment of Sentence Entered March 28, 2018,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002601-2016

BEFORE: BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 19, 2020**

James Lee Truitt appeals from the March 28, 2018 judgment of sentence entered by the Court of Common Pleas of Lancaster County following his conviction of one count of aggravated assault.[1] Daniel C. Bardo, Esq., filed an application for leave to withdraw his appearance on September 24, 2020, alleging that there are no non-frivolous issues for appeal, accompanied by an **Anders**[2] brief. After careful review, we deny Attorney Bardo's application for leave to withdraw and remand with instructions.

Appellant entered a guilty plea to one count of aggravated assault on June 14, 2017, and was admitted into the Mental Health Treatment Court that

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] *See Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

same day. (Notes of testimony, 6/14/17 at 5-6, 20.) Appellant was ultimately discharged from the treatment court for violating the terms of the program. (Notes of testimony, 1/3/18 at 3.) On March 28, 2018, the trial court sentenced appellant to a term of three to six years' imprisonment, with credit for time served.

Appellant filed a timely post-sentence motion on April 5, 2018, which the trial court denied on July 24, 2018. Appellant did not seek direct appellate review of his judgment of sentence.

On March 21, 2019, appellant filed a timely ***pro se*** petition pursuant to the Post Conviction Relief Act ("PCRA").[3] The PCRA court appointed counsel, and counsel filed an amended PCRA petition on June 24, 2019. On September 24, 2019, the PCRA court granted appellant's PCRA petition and reinstated his rights to file a direct appeal ***nunc pro tunc***.

Appellant filed a timely notice of appeal on October 24, 2019. The trial court subsequently ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's then-counsel, Randall L. Miller, Esq., filed a statement pursuant to Pa.R.A.P. 1925(c)(4), wherein he indicated that he intended to request permission to withdraw, as he determined that there were no non-frivolous issues to raise on appellant's behalf.

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

On March 19, 2020, Attorney Bardo appeared to file an *Anders* brief. (*See* appellant's brief, 3/19/20 at 13 (concluding that "any appellate issues are frivolous").) Attorney Bardo failed to file a contemporaneous petition to withdraw as counsel and failed to file the required notice letter addressed to appellant explaining appellant's rights under *Anders* and enclosing copies of the *Anders* brief and petition to withdraw as counsel. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*); *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa.Super. 2007); *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa.Super. 2007), citing *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005).

We remanded this case on August 25, 2020 for appellant's counsel to either comply with the dictates of *Anders* and its progeny, or to file an advocate's brief on the merits. As noted above, Attorney Bardo filed an application to withdraw his appearance, accompanied by an *Anders* brief on September 24, 2020.

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
> > These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. [*Woods*, 939 A.2d at 898.] This court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed **pro se** or raise any additional points worthy of this Court's attention.

**Woods**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

> > frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> > *Santiago*, 978 A.2d at 361.

> > *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Bardo's application for leave to withdraw his appearance, supporting documentation, and *Anders* brief reveals that he has not complied with all of the foregoing requirements. We note that Attorney Bardo has furnished a copy of the *Anders* brief to appellant, advised him of his right to retain new counsel or proceed *pro se*, and attached to the *Anders* application a copy of the letter sent to appellant as required under *Millisock*, 873 A.2d at 752 (citation omitted). *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (footnote omitted) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice

requirements set forth in **Millisock** that remain binding legal precedent."). Attorney Bardo's letter, however, failed to advise appellant that he may raise any additional points worthy of this court's attention. **See Woods**, 939 A.2d at 898.

We, therefore, remand and direct Attorney Bardo to send appellant a letter, accompanied by the **Anders** brief, and his application for leave to withdraw, that complies with the directives of **Woods** and **Millisock**. Attorney Bardo shall comply with this directive within 30 days of the date of this memorandum. Appellant may respond within 45 days of receipt of Attorney Bardo's **Anders** brief and accompanying letter.

Application for leave to withdraw as counsel denied. Case remanded. Jurisdiction retained.